**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-22361 – Civ Altman; Lett**

CAL BRIDGE, INC.,

Plaintiff,

v.

ONECAL, SH.P.K.,

Defendant.

**PLAINTIFF CAL BRIDGE INC.'S MOTION TO STRIKE NEW DECLARATIONS AND EXPERT OPINIONS SUBMITTED DURING SUMMARY JUDGMENT**

Per the Court's February 6, 2026, Scheduling Order [D.E. 93], the parties' final infringement and invalidity contentions were due in March 2026. That schedule was later amended to move the deadline for serving the final (reply) expert reports to June 26, 2026, and the deadline for completing all discovery to July 17, 2026. [D.E. 111.]

On July 31, 2026, Plaintiff Cal Bridge Inc. ("Cal Bridge") filed a motion for summary judgment on several issues, including that Defendant OneCal, SH.P.K. ("OneCal") (i) infringes asserted claim 11 and (ii) has failed to prove that one of its prior art references (the "OGCS Source Code") qualifies as a "printed publication," thereby undermining its allegation that the asserted claims are invalid in view of this reference. Cal Bridge also filed a *Daubert* motion seeking to exclude certain opinions of Evan Kovanis, OneCal's technical expert.

On August 18, OneCal filed its opposition to both motions. The following morning (after the Court's deadline), OneCal served the exhibits to its opposition briefs including new declarations from Mr. Kovanis and OneCal's founder (Eraldo Forgoli). These declarations include opinions related to claim construction and non-infringement, along with new assertions regarding the availability of the OGCS Source Code. Both declarations also include new information – including technical materials from Amazon Web Services and unverified screenshots from the Wayback Machine and Software Heritage – that had not been produced to date in this case.

**<u>OneCal relies heavily on these new declarations and documents, citing to them *45 times* in its August 18 submissions (including its statement of facts).</u>**

Because these new materials were first submitted after the deadline for OneCal's invalidity contentions, OneCal's expert reports, the completion of all discovery, and after Cal Bridge's summary judgment motion, there can be no dispute that OneCal's new submissions are untimely. Given that OneCal does not have substantial justification for its untimeliness, and given the substantial prejudice to Cal Bride in having to respond to these new positions without the benefit of deposing the declarants, all references to the declarations (and exhibits thereto) in OneCal's summary judgment papers should be stricken.

Rule 26(a)(2)(B) requires a written expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26 (2026). Parties must provide the report "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Expert reports that are not timely disclosed under Rule 26 may be excluded. *See* Fed. R. Civ. P. 37(c)(1).

As the party relying on the belatedly produced information, OneCal bears the burden of proving that the failure to timely disclose this information was substantially justified or harmless. *Berrada v. Amazon Serv. LLC*, Case No. 6:23-cv-1035, 2024 WL 4818402, at *3 (M.D. Fla. July 30, 2024). In determining whether to exclude information or testimony disclosed after the appropriate deadline, courts consider (1) the reasons for why the party failed to disclose the information or witness earlier; (2) the importance of the information/testimony; and (3) the prejudice to the opposing party if the information or testimony is allowed. *Id.* Notably, the "first and third factors, together, can outweigh the second." *Id.* at *5 (excluding expert opinions at summary judgment despite finding the testimony was so important that the party's "case fails without it."); citing *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 289 F.3d 1339, 1349 (11th Cir. 2004) ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling.").

During the parties' meet and confer, OneCal conceded that both the Forgoli and Kovanis declarations included new information. (Spuhler Declaration ("Spuhler Decl.") at 5; attached hereto as Ex. A) As for the Forgoli declaration, OneCal admitted the screenshots are new, but stated that it was not required to present its invalidity contentions "chapter and verse" prior to the

summary judgment phase. (Spuhler Decl. at 6.) OneCal, however, does not dispute that it bears the burden of proving that the OGCS Source Code qualifies as prior art. *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380 (Fed. Cir. 2018). Nor does its explanation provide substantial justification for not including in its invalidity contentions or expert reports the most basic information necessary to meet this burden – namely, whether the OGCS Source Code was publicly available. Moreover, OneCal relies on the screenshots attached to Mr. Forgoli's declaration for the truth of the matter contained therein and, therefore, these documents are hearsay. *See Open Text S.A. v. Box, Inc.*, Case No. 13-cv-04910, 2015 WL 428365 (N.D. Cal. Jan. 30, 2015) (refusing to consider screenshots to show a printout constituted a printed publication where infringer claimed the printout "was authenticated using the Internet Archive *Wayback Machine*" but did not attach any declaration from the Internet Archive attesting to this fact). Thus, for at least these reasons, Mr. Forgoli declaration, and all references thereto in OneCal's papers, should be stricken.

As for the Kovanis declaration, OneCal again conceded that the declaration contained, at least in part, new opinions and information (the rest being "clean up" of items previously raised). (Spuhler Decl. at 7.) As for the new material, OneCal suggested that it needed to expand on its prior submissions because it did not appreciate the importance of the REST API to the infringement issue. (Spuhler Decl. at 8.) Cal Bridge, however, cited to the REST API in its final infringement contentions (Spuhler Decl. at 9.), and Dr. Almeroth (Cal Bridge's technical expert) offered the following opinions on the REST API in connection with his analysis of limitation [e] of claim 11 – the primary limitation at issue in the parties' competing summary judgment motions:

> Under OneCal's interpretation of notification, the calendar synchronization service, i.e., "mono," **also receives via a REST API from a calendar host** "a notification of a first event on the first electronic calendar, wherein the first event has a start time, duration, summary, description, and one or more attendees." Specifically, function getCalendarEvents **then uses a REST client (this.client) to receive this information via the Microsoft REST API for the given calendarId**. *See* Step 4 analysis in next claim element.

D.E. 131-3 at A-31 (emphasis added).

As such, OneCal's should have appreciated the importance of this functionality to the infringement issue, and its failure to do so in no way outweighs the significant prejudice to Cal Bridge in having to respond on short order to new technical documents and arguments, without the benefit of having the opportunity to depose OneCal's expert on his new opinions and theories.

*See, e.g., Seahorse Oceanside Apartments Condominium Assoc., Inc. v. Homesite Ins. Co.*, 446 F. Supp. 3d 1097, 1106-07 (S.D. Fla. 2020) (prohibiting use of late-produced information despite producing party's suggesting that it "did not fully appreciate" the significance of the materials until the time of production); *see also Southco, Inc. v. Fivetech Tech. Inc.*, 611 Fed. Appx. 681, 688 (Fed. Cir. 2015) (holding district court erred in finding party was not prejudiced by untimely opinions disclosed at summary judgment, where party still responded to motion; appellate court determined party should have had an opportunity to depose expert to learn about and test his new opinions); *Berrada*, 2024 WL 4818402, *TQ Delta, LLC v. Adtran, Inc.*, Civ. Action No. 14-cv-954-RGA, 2021 WL 1200594, at * (D. Del. Mar. 30, 2021) (striking new invalidity opinions raised during summary judgment, noting "theories might have been developed differently had Plaintiff's invalidity opinions been timely asserted"); *EasyGroup Ltd. v. ER Travel LLC*, Case No. 24-cv-60638 (S.D. Fla. June 11, 2026) (striking declaration at summary judgment phase).

Thus, given the lack of substantial justification for OneCal's untimeliness, the inability for Cal Bridge to depose the declarants, and the extensiveness by which OneCal relies on this new information, all (forty-five) references to the Kovanis and Forgoli declarations and/or the exhibits thereto, in OneCal's summary judgment papers should be stricken.

*Signature on Next Page*

Dated: August 18, 2026

Respectfully submitted,

By: /s/ Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
TUCKER LAW
800 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com

Ronald H. Spuhler
Rajendra A. Chiplunkar
Wayne H. Bradley
MCANDREWS, HELD & MALLOY, LTD
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000
rspuhler@mcandrews-ip.com
rchiplunkar@mcandrews-ip.com
wbradley@mcandrews-ip.com
(all admitted Pro Hac Vice)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker